UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 2, 2013

LETTER TO COUNSEL:

      RE:    *Maria Leggett v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-1405

Dear Counsel:

      On May 9, 2012, the Plaintiff, Maria Leggett, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). I will deny both motions, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. Leggett filed her claim on October 30, 2009, alleging disability beginning on January 15, 2007. (Tr. 134-35). Her claim was denied initially on June 30, 2010, and on reconsideration on October 5, 2010. (Tr. 102, 105-08). A hearing was held on August 10, 2011 before an Administrative Law Judge ("ALJ"). (Tr. 61-100). Following the hearing, on August 17, 2011, the ALJ determined that Ms. Leggett was not disabled during the relevant time frame. (Tr. 8-21). The Appeals Council denied Ms. Leggett's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. Leggett suffered from the severe impairments of "obesity; substance abuse; degenerative disc disease of the cervical spine; asthma; bipolar disorder; depression; fibromyalgia; degenerative joint disease of the right wrist and hand and feet." (Tr. 13). Despite these impairments, the ALJ determined that Ms. Leggett retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 C.F.R. 404.1567(a) except she could frequently push and pull with the right upper extremity and frequently operate foot controls bilaterally; she could occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl; she could never climb ladders, ropes or scaffolds; she could frequently handle, finger and feel with the right upper extremity; she would have needed to avoid concentrated exposure to extreme cold, humidity, excessive vibration, pulmonary irritants such as fumes, odors, gases, dust and

*Maria Leggett v. Commissioner, Social Security Administration*
Civil No. SAG-12-1405
April 2, 2013
Page 2

> oorly ventilated areas, hazardous moving machinery and unprotected heights; she was limited to simple, routine and repetitive tasks in a low stress work environment (meaning no production quotas) with only occasional and superficial interaction with the public, coworkers and supervisors.

(Tr. 15-16). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Leggett could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 19-20).

Ms. Leggett raises four separate issues on appeal: (1) that the ALJ failed to recontact her treating physician, Dr. Marur; (2) that the ALJ failed to assign appropriate weight to Dr. Marur's opinion; (3) that the ALJ erroneously made an adverse credibility finding; and (4) that the VE erred in his testimony. I find that the ALJ erroneously considered the evidence of record. However, Ms. Leggett's argument regarding the VE testimony lacks merit.

The problem with the ALJ's opinion lies in the failure to address certain significant pieces of evidence. First, on May 13, 2010, Ms. Leggett had a positive ANA and an elevated rheumatoid factor. (Tr. 375). Dr. Marur cites, in part, those objective findings in finding Ms. Leggett to be unable to sit more than one hour in an eight hour workday. (Tr. 447-49). The ALJ does not expressly evaluate the lab reports showing the positive ANA and elevated rheumatoid factor, instead simply stating that the record "contains minimal, if any, signs and laboratory findings." (Tr. 18). Second, the ALJ did not address Dr. Malik's observation of Ms. Leggett's physical condition. Dr. Malik noted that, "Patient appears in severe pain. Constantly reshuffles in chair." (Tr. 346). Given that Ms. Leggett was visiting Dr. Malik for a psychiatric consultation, and not for physical evaluation, Dr. Malik's observation appears somewhat corroborative of (1) Ms. Leggett's subjective complaints of pain and (2) Dr. Marur's opinion that Ms. Leggett was unable to sit for a significant period of time. Finally, without citing any medical source, the ALJ rejects the multiple clinical findings of tenderness as based on "the claimant's subjective response." (Tr. 18); *see, e.g.,* (Tr. 305) ("Musculoskeletal examination: The patient is tender all over and even slight touch even from the stethoscope causes her to jump because of pain."). Fibromyalgia "poses particular challenges to credibility analyses due to the limited objective medical evidence." *Gavigan v. Barnhart*, 261 F.Supp.2d 334, 340 (D. Md. 2003). As the Seventh Circuit has noted:

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are 'pain all over,' fatigue, disturbed sleep, stiffness, and—the only symptoms that discriminates between it and other diseases of a rheumatic character—multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

*Maria Leggett v. Commissioner, Social Security Administration*
Civil No. SAG-12-1405
April 2, 2013
Page 3

*Sarchet v. Chater,* 78 F.3d 305, 306 (7th Cir.1996). The ALJ's reasons for rejecting Dr. Marur's assessment, then, would apply in almost all fibromyalgia cases, because the ALJ found that Dr. Marur's assessment:

> fails to find support in the evidence of record which contains minimal, if any, signs and laboratory findings. Many of the exam findings were based on the claimant's subjective response to touch and reports of tenderness. Objective imaging reports were normal for the most part.

The ALJ's evaluation of Dr. Marur's opinion and of Ms. Leggett's credibility required a more thorough assessment of all of the evidence of record, particularly in light of the unique issues presented by a claim of fibromyalgia.

Finally, the ALJ's recitation of Ms. Leggett's activities of daily living is not entirely consistent with the evidence of record. The ALJ states that, "As recently as April 21, 2010, the claimant reported trying to exercise, climbing 200 stairs a day on the stair master." (Tr. 19). In fact, the doctor's note simply states, "Trying to exercise – stairmaster 200 steps/day." (Tr. 316). It is unclear from the note whether Ms. Leggett reported that she is climbing 200 steps per day or whether that was the recommendation of the physician. Moreover, the fact that the note states that she was "trying to exercise" does not establish any particular degree of success. At the hearing, when asked about her work on the stairmaster, Ms. Leggett confirmed, "Try to." (Tr. 70). A more careful examination of all of Ms. Leggett's activities of daily living is required. For all of the above reasons, remand is warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. Leggett was ineligible for benefits was correct or incorrect.

Finally, Ms. Leggett correctly notes that the *Directory of Occupational Titles* numbers for two of the three sedentary jobs noted by the VE were inaccurate. Pl. Mot. 7. I cannot determine whether the error was committed by the VE or the preparer of the written transcript. However, even if the error were more than typographical, it would be harmless because no such errors existed as to the other job identified by the VE, "addresser/stuffer." The number of addresser jobs alone (240,000 nationally, 1,000 regionally) would establish a "significant number" to justify a finding of "not disabled." *Cf. Lawler v. Astrue,* No. 09–1614, 2011 WL 1485280, at *5 (D.Md. Apr. 19, 2011) (finding that the fact that there were only 75-100 jobs in the region where plaintiff lives "does not undermine the ALJ's conclusion that plaintiff is capable of performing work that exists in significant numbers in the national economy."); *Hicks v. Califano,* 600 F.2d 1048, 1051 n. 2 (4th Cir. 1979) (declining to determine that 110 regional jobs would be an insignificant number).

Ms. Leggett further contends that the VE testified about the wrong geographic region. First, the VE specifically stated that he was testifying about Maryland and the D.C. Metropolitan area. (Tr. 95). Second, the relevant standard is whether work exists in the national economy, not

a specific region, so long as the overall numbers are adequate.

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered 'work which exists in the national economy'. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

20 C.F.R. § 404.1566(b).  Ms. Leggett's arguments about deficiencies in the VE testimony, then, lack merit.  However, as noted above, the case will be remanded for consideration of the other issues discussed herein.

For the reasons set forth herein, the Plaintiff's motion for summary judgment (ECF No. 15) and the Commissioner's motion for summary judgment (ECF No. 16) will be DENIED, the decision of the ALJ will be VACATED, and the case will be REMANDED for further proceedings in accordance with this opinion.  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                              Sincerely yours,

                              /s/

                              Stephanie A. Gallagher
                              United States Magistrate Judge